**44**

In re Frances GOLD, Debtor.

Bankruptcy No. 84–02079–BKC–TCB.

United States Bankruptcy Court,
S.D. Florida.

Feb. 7, 1985.

Alec Ross, Miami, Fla., for debtor.

Steven H. Friedman, Miami, Fla., for trustee.

Jeanette E. Tavormina, North Miami, Fla., trustee.

## ORDER FOR TURNOVER

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee's motion for turnover (C.P. No.13) was heard on February 7. The debtor made no procedural objection under B.R. 7001, therefore, I presume that the objection has been waived.

It is conceded that the debtor was not a "head of a family" on October 30, 1984, the date this bankruptcy petition was filed. Under former Article X, § 4, Florida Con-stitution, only the head of a family may claim the $1,000 personal property exemp-tion from the claims of creditors, which this debtor has claimed. It is the trustee's posi-tion, therefore, that the debtor is entitled to no exemption and that the trustee is enti-tled to an order requiring the debtor to turn over forthwith the $3,463 worth of personal property she admittedly held on the date of bankruptcy.

The amendment to the Constitutional provision in question was adopted pursuant to an election held in November, 1984, eli-minating the requirement at issue here and granting the exemption in question to "any natural person, not just the head of a fami-ly". It is, therefore, the position of the debtor that she is entitled to the exemption.

The Constitutional amendment of Article X, § 4, did not become effective until Janu-ary 8, 1985. Article XI, § 5(c), Florida Constitution. Therefore, on the date this bankruptcy petition was filed, the Constitu-tional amendment was not in effect or ap-plicable.

The State exemptions recognized under the bankruptcy code, 11 U.S.C. § 522(b)(2)(A), are those:

> "applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located".

It follows, therefore, that the recent Con-stitutional amendment is not applicable with respect to this debtor's claimed ex-emptions in this bankruptcy case and, therefore, the debtor is ordered to surren-der forthwith to the trustee all personal property listed by her in Schedule B–2 of her bankruptcy schedules.